UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                      :

                    - v. -                    :

CHARLES PRITCHETT,                            :          07 Cr.
STANLEY CANNELLA,
DOROTHY L. SMITH, and                         :
MICHAEL BISCOTTI,
                                              :
                    Defendants.               :

- - - - - - - - - - - - - - - - - x

**07 CRIM.   472**

INDICTMENT

## COUNT ONE

(Mail Fraud)

The Grand Jury charges:

### Background

1.    At certain times relevant to this Indictment,
CHARLES PRITCHETT, the defendant, was employed as a billing
technician at a medical billing company (the "Billing Company")
located in Hawthorne, New York, whose clients included a
Manhattan neurosurgeon (the "Neurosurgeon").  The Billing
Company, among other things, submitted bills, insurance claim
forms, and post-operative reports prepared by the Neurosurgeon to
health insurance providers in order to obtain payment.

2.    At all times relevant to this Indictment, STANLEY
CANNELLA, the defendant, was a New York City municipal employee
whose health insurance provider was Group Health Incorporated
("GHI") based in New York, New York.

## The Fraudulent Scheme

3.    While employed at the Billing Company, CHARLES
PRITCHETT, the defendant, obtained copies of insurance claim
forms related to surgeries performed by the Neurosurgeon.
PRITCHETT then created bogus insurance claim forms by
substituting the identifying information of others (the "Sham
Patients"), including STANLEY CANNELLA and DOROTHY L. SMITH, the
defendants, for that of the actual patients referred to in the
actual insurance claim forms.  The bogus insurance claim forms
were then submitted to GHI, together with copies of the post-
operative reports which had been similarly altered, in support of
claims for payment for surgical procedures that were never
performed.

4.    Based on those false and fraudulent claims, GHI,
on multiple occasions, issued checks to STANLEY CANNELLA, DOROTHY
L. SMITH, and MICHAEL BISCOTTI, the defendants, among others, who
then negotiated those checks, knowing that they had been obtained
through fraud.

## The Creation of the Bogus Insurance Claim Forms

5.    On or about April 28, 2003, CHARLES PRITCHETT, the
defendant, used the Billing Company's computer system to access a
copy of an insurance claim form related to a neurosurgery that
the Neurosurgeon had performed on a patient ("Patient #1").
PRITCHETT then altered, among other personal identifying

2

information, the name of the patient from Patient #1 to that of STANLEY CANNELLA, the defendant.

6.    On or about June 20, 2003, CHARLES PRITCHETT, the defendant, used the Billing Company's computer system to access a copy of an insurance claim form related to a neurosurgery that the Neurosurgeon had performed on another patient ("Patient #2"). PRITCHETT then altered, among other personal identifying information, the name of the patient from Patient #2 to that of DOROTHY L. SMITH, the defendant.

### The False and Fraudulently Induced Payments

#### CANNELLA's First False Claim

7.    In or about April 2003, copies of a bogus insurance claim form and post-operative report were submitted on behalf of STANLEY CANNELLA, the defendant, to GHI.  The insurance claim form falsely represented that CANNELLA underwent the neurosurgery described in the post-operative report, and requested reimbursement for the purported expense.

8.    As a result of this fraudulent submission, on or about May 30, 2003, GHI mailed a check for approximately $14,142 to STANLEY CANNELLA, the defendant, to reimburse him for neurosurgery, which, in truth and in fact, as CANNELLA well knew, he had not undergone.  CANNELLA then deposited the check into his personal bank account.

<u>CANNELLA's Second False Claim</u>

9.     In or about May 2004, copies of a bogus insurance
claim form and post-operative report were then submitted on
behalf of the wife STANLEY CANNELLA, the defendant, to GHI.  The
insurance claim form falsely represented that CANNELLA's wife
underwent the neurosurgery described in the post-operative
report, and requested reimbursement for the purported expense.

10.    As a result of this fraudulent submission, on or
about July 28, 2004, GHI mailed a check for approximately $14,142
to STANLEY CANNELLA, the defendant, to reimburse him for
neurosurgery, which, in truth and in fact, as CANNELLA well knew,
his wife had not undergone.  CANNELLA then deposited the check
into his personal bank account.

<u>CANNELLA's Third False Claim</u>

11.    In or about May 2004, copies of Patient #2's
altered insurance claim form and post-operative report were
submitted on behalf of a son of STANLEY CANNELLA, the defendant
("Cannella Son #1"), to GHI.  The insurance claim form falsely
represented that Cannella Son #1 underwent the neurosurgery
described in the post-operative report, and requested
reimbursement for the purported expense.

12.    As a result of this fraudulent submission, on or
about July 15, 2004, GHI mailed a check for approximately $14,990
to STANLEY CANNELLA, the defendant, to reimburse him for

neurosurgery, which, in truth and in fact, as CANNELLA well knew, Cannella Son #1 had not undergone.  CANNELLA then deposited the check into his personal bank account.

### CANNELLA's Fourth False Claim

13.  In or about September 2004, copies of Patient #2's altered insurance claim form and post-operative report were submitted on behalf of another son of STANLEY CANNELLA, the defendant ("Cannella Son #2"), to GHI.  The insurance claim form falsely represented that Cannella Son #2 underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

14.  As a result of this fraudulent submission, on or about November 5, 2004, GHI mailed a check for approximately $15,005 to STANLEY CANNELLA, the defendant, to reimburse him for neurosurgery, which, in truth and in fact, as CANNELLA well knew, Cannella Son #2 had not undergone.  CANNELLA then deposited the check into his personal bank account.

### CANNELLA's Fifth False Claim

15.  In or about February 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of STANLEY CANNELLA, the defendant, to GHI. The insurance claim form falsely represented that CANNELLA underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported

expense.

16.   As a result of this fraudulent submission, on or about April 28, 2005, GHI mailed a check for approximately $16,527 to STANLEY CANNELLA, the defendant, to reimburse him for neurosurgery, which, in truth and in fact, as CANNELLA well knew, he had not undergone.  CANNELLA then deposited the check into his personal bank account.

### CANNELLA's Sixth False Claim

17.   In or about March 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of Cannella Son #1 to GHI.  The insurance claim form falsely represented that Cannella Son #1 underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

18.   As a result of this fraudulent submission, on or about June 29, 2005, GHI mailed a check for approximately $16,527 to STANLEY CANNELLA, the defendant, to reimburse him for neurosurgery, which, in truth and in fact, as CANNELLA well knew, Cannella Son #1 had not undergone.  CANNELLA then deposited the check into his personal bank account.

### CANNELLA's Seventh False Claim

19.   In or about July 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of Cannella Son #2 to GHI.  The insurance

claim form falsely represented that Cannella Son #2 underwent the
neurosurgery described in the altered post-operative report, and
requested reimbursement for the purported expense.

20.  As a result of this fraudulent submission, on or
about September 23, 2005, GHI mailed a check for approximately
$16,532 to STANLEY CANNELLA, the defendant, to reimburse him for
neurosurgery, which, in truth and in fact, as CANNELLA well knew,
Cannella Son #2 had not undergone.  CANNELLA then deposited the
check into his personal bank account.

<u>CANNELLA's Eighth False Claim</u>

21.  In or about October 2005, copies of Patient #2's
altered insurance claim form and post-operative report were again
submitted on behalf of CANNELLA's wife to GHI.  The insurance
claim form falsely represented that CANNELLA's wife underwent the
neurosurgery described in the altered post-operative report, and
requested reimbursement for the purported expense.

22.  As a result of this fraudulent submission, on or
about December 2, 2005, GHI mailed a check for approximately
$16,527 to STANLEY CANNELLA, the defendant, to reimburse him for
neurosurgery, which, in truth and in fact, as CANNELLA well knew,
his wife had not undergone.  CANNELLA then deposited the check
into his personal bank account.

<u>CANNELLA's Ninth False Claim</u>

23.   In or about July 2006, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of STANLEY CANNELLA, the defendant, to GHI. The insurance claim form falsely represented that CANNELLA underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

24.   As a result of this fraudulent submission, on or about September 7, 2006, GHI mailed a check for approximately $16,527 to STANLEY CANNELLA, the defendant, to reimburse him for neurosurgery, which, in truth and in fact, as CANNELLA well knew, he had not undergone.   CANNELLA then deposited the check into his personal bank account.

**Statutory Allegation**

25.   From in or about April 2003 through in or about September 2006, in the Southern District of New York, CHARLES PRITCHETT and STANLEY CANNELLA, the defendants, unlawfully, wilfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice to defraud and attempting so to do, did deposit and cause to be deposited matters and things to be sent

8

and delivered by private and commercial interstate carrier, and knowingly would and did cause to be delivered by mail and such carrier according to the direction thereon such matters and things, to wit, the defendants caused Group Health Incorporated on multiple occasions to mail payments to CANNELLA to reimburse him for surgical procedures which were not performed.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT TWO

(Mail Fraud)

The Grand Jury further charges:

## Background

26.   The allegations contained in Paragraphs 1 through 6 of this Indictment are repeated and realleged as if set forth fully herein.

27.   At all times relevant to this Indictment, DOROTHY L. SMITH, the defendant, was a hospital employee whose health insurance provider was GHI.

## The False and Fraudulently Induced Payments

### SMITH's First False Claim

28.   In or about June 2003, copies of Patient #2's altered insurance claim form and post-operative report were submitted on behalf of DOROTHY L. SMITH, the defendant, to GHI. The insurance claim form falsely represented that SMITH underwent the neurosurgery described in the altered post-operative report,

9

and requested reimbursement for the purported expense.

29.  As a result of this fraudulent submission, on or about July 22, 2003, GHI mailed a check for approximately $15,523 to DOROTHY L. SMITH, the defendant, to reimburse her for neurosurgery, which, in truth and in fact, as SMITH well knew, she had not undergone.  SMITH then deposited the check into her personal bank account.

### SMITH's Second False Claim

30.  In or about February 2004, copies of Patient #2's altered insurance claim form and post-operative report were then submitted on behalf of the husband of DOROTHY L. SMITH, the defendant, to GHI.  The insurance claim form falsely represented that SMITH's husband underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

31.  As a result of this fraudulent submission, on or about April 8, 2004, GHI mailed a check for approximately $14,605 to DOROTHY L. SMITH, the defendant, to reimburse her for neurosurgery, which, in truth and in fact, as SMITH well knew, her husband had not undergone.  SMITH then deposited the check into her personal bank account.

### SMITH's Third False Claim

32.  In or about June 2004, copies of Patient #2's altered insurance claim form and post-operative report were then

submitted on behalf of a daughter of DOROTHY L. SMITH, the defendant ("Smith Daughter #1"), to GHI. The insurance claim form falsely represented that Smith Daughter #1 underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

33. As a result of this fraudulent submission, on or about August 25, 2004, GHI mailed a check for approximately $15,508 to DOROTHY L. SMITH, the defendant, to reimburse her for neurosurgery, which, in truth and in fact, as SMITH well knew, Smith Daughter #1 had not undergone. SMITH then deposited the check into her personal bank account.

### SMITH's Fourth False Claim

34. In or about January 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of DOROTHY L. SMITH, the defendant, to GHI. The insurance claim form falsely represented that SMITH underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

35. As a result of this fraudulent submission, on or about April 7, 2005, GHI mailed a check for approximately $15,508 to DOROTHY L. SMITH, the defendant, to reimburse her for neurosurgery, which, in truth and in fact, as SMITH well knew, she had not undergone. SMITH then deposited the check into her personal bank account.

11

<u>SMITH's Fifth False Claim</u>

36.  In or about February 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of SMITH's husband to GHI.  The insurance claim form falsely represented that SMITH's husband underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

37.  As a result of this fraudulent submission, on or about April 6, 2005, GHI mailed a check for approximately $15,508 to DOROTHY L. SMITH, the defendant, to reimburse her for neurosurgery, which, in truth and in fact, as SMITH well knew, her husband had not undergone.  SMITH then deposited the check into her personal bank account.

<u>SMITH's Sixth False Claim</u>

38.  In or about August 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of DOROTHY L. SMITH, the defendant, to GHI. The insurance claim form falsely represented that SMITH underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

39.  As a result of this fraudulent submission, on or about May 10, 2006, GHI mailed a check for approximately $18,027 to DOROTHY L. SMITH, the defendant, to reimburse her for neurosurgery, which, in truth and in fact, as SMITH well knew,

she had not undergone.  SMITH then deposited the check into her personal bank account.

### SMITH's Seventh False Claim

40.  In or about November 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of Smith Daughter #1 to GHI.  The insurance claim form falsely represented that Smith Daughter #1 underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

41.  As a result of this fraudulent submission, on or about March 7, 2006, GHI mailed a check for approximately $16,527 to DOROTHY L. SMITH, the defendant, to reimburse her for neurosurgery, which, in truth and in fact, as SMITH well knew, Smith Daughter #1 had not undergone.  SMITH then deposited the check into her personal bank account.

### SMITH's Eighth False Claim

42.  In or about December 2005, copies of Patient #2's altered insurance claim form and post-operative report were again submitted on behalf of SMITH's husband to GHI.  The insurance claim form falsely represented that SMITH's husband underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

43.  As a result of this fraudulent submission, on or about May 15, 2006, GHI mailed a check for approximately $3,027

to DOROTHY L. SMITH, the defendant, to reimburse her for
neurosurgery, which, in truth and in fact, as SMITH well knew,
her husband had not undergone.  SMITH then deposited the check
into her personal bank account.

### SMITH's Ninth False Claim

44.  In or about December 2005, copies of Patient #2's
altered insurance claim form and post-operative report were again
submitted on behalf of another daughter of DOROTHY L. SMITH, the
defendant ("Smith Daughter #2"), to GHI.  The insurance claim
form falsely represented that Smith Daughter #2 underwent the
neurosurgery described in the altered post-operative report, and
requested reimbursement for the purported expense.

45.  As a result of this fraudulent submission, on or
about March 7, 2006, GHI mailed a check for approximately $16,527
to DOROTHY L. SMITH, the defendant, to reimburse her for
neurosurgery, which, in truth and in fact, as SMITH well knew,
Smith Daughter #2 had not undergone.  SMITH then deposited the
check into her personal bank account.

### **Statutory Allegation**

46.  From in or about June 2003 through in or about
May 2006, in the Southern District of New York, CHARLES PRITCHETT
and DOROTHY L. SMITH, the defendants, unlawfully, wilfully, and
knowingly, having devised and intending to devise a scheme and
artifice to defraud, and for obtaining money and property by

14

means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice to defraud and attempting so to do, did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carrier, and knowingly would and did cause to be delivered by mail and such carrier according to the direction thereon such matters and things, to wit, the defendants caused Group Health Incorporated on multiple occasions to mail payments to SMITH to reimburse her for surgical procedures which were not performed.

(Title 18, United States Code, Sections 1341 and 2.)

### COUNT THREE

(Mail Fraud)

The Grand Jury further charges:

### Background

47.    The allegations contained in Paragraphs 1 through 6 of this Indictment are repeated and realleged as if set forth fully herein.

48.    At all times relevant to this Indictment, MICHAEL BISCOTTI, the defendant, was a New York City municipal employee whose health insurance provider was GHI.

15

## The False and Fraudulently Induced Payments

### BISCOTTI's First False Claim

49.  On or about March 2004, copies of Patient #2's insurance claim form and post-operative report with the personal identifying information altered to match that of MICHAEL BISCOTTI, the defendant, were submitted to GHI.  The insurance claim form falsely represented that BISCOTTI underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

50.  As a result of this fraudulent submission, on or about April 21, 2004, GHI mailed a check for approximately $14,243 to MICHAEL BISCOTTI, the defendant, to reimburse him for neurosurgery, which, in truth and in fact, as BISCOTTI well knew, he had not undergone.  BISCOTTI then deposited the check into his personal bank account.

### BISCOTTI's Second False Claim

51.  On or about June 2004, copies of Patient #2's insurance claim form and post-operative report with the personal identifying information altered to match that of the wife of MICHAEL BISCOTTI, the defendant, were submitted to GHI.  The insurance claim form falsely represented that BISCOTTI's wife underwent the neurosurgery described in the altered post-operative report, and requested reimbursement for the purported expense.

16

52.  As a result of this fraudulent submission, on or about July 23, 2004, GHI mailed a check for approximately $15,508 to MICHAEL BISCOTTI, the defendant, to reimburse him for neurosurgery, which, in truth and in fact, as BISCOTTI well knew, his wife had not undergone.  BISCOTTI then deposited the check into his personal bank account.

### **Statutory Allegation**

53.  From in or about March 2004 through in or about July 2004, in the Southern District of New York, CHARLES PRITCHETT and MICHAEL BISCOTTI, the defendants, unlawfully, wilfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice to defraud and attempting so to do, did deposit and cause to be deposited matters and things to be sent and delivered by private and commercial interstate carrier, and knowingly would and did cause to be delivered by mail and such carrier according to the direction thereon such matters and things, to wit, the defendants caused Group Health Incorporated on multiple occasions to mail payments to BISCOTTI to reimburse him for surgical procedures which were not performed.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT FOUR

(Health Care Fraud)

The Grand Jury further charges:

54.  The allegations contained in Paragraphs 1 through 24 of this Indictment are repeated and realleged as if set forth fully herein.

55.  From in or about April 2003 through in or about September 2006, CHARLES PRITCHETT and STANLEY CANNELLA, the defendants, unlawfully, wilfully, and knowingly, executed and attempted to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit, the defendants caused Group Health Incorporated to pay approximately $142,268 in reimbursements to CANNELLA for surgical procedures that were not performed.

(Title 18, United States Code, Sections 1347 and 2.)

## COUNT FIVE

(Health Care Fraud)

56.  The allegations contained in Paragraphs 1 through 6, and 28 through 45 of this Indictment are repeated and realleged as if set forth fully herein.

18

57.   From in or about June 2003 through in or about May 2006, CHARLES PRITCHETT and DOROTHY L. SMITH, the defendants, unlawfully, wilfully, and knowingly, executed and attempted to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit, the defendants caused Group Health Incorporated to pay approximately $131,397 in reimbursements to SMITH for surgical procedures that were not performed.

(Title 18, United States Code, Sections 1347 and 2.)

## COUNT SIX

(Health Care Fraud)

58.   The allegations contained in Paragraphs 1 through 6, and 48 through 52 of this Indictment are repeated and realleged as if set forth fully herein.

59.   From in or about March 2004 through in or about July 2004, CHARLES PRITCHETT and MICHAEL BISCOTTI, the defendants, unlawfully, wilfully, and knowingly, executed and attempted to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and

19

property owned by, and under the custody and control of, a health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, to wit, the defendants caused Group Health Incorporated to pay approximately $31,041 in reimbursements to BISCOTTI for surgical procedures that were not performed.

(Title 18, United States Code, Sections 1347 and 2.)

### FORFEITURE ALLEGATION

60.    As a result of committing the mail fraud offenses, as alleged in Count One of this Indictment, in violation of Title 18, United States Code, Section 1341, CHARLES PRITCHETT and STANLEY CANNELLA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

        a.    A sum of money equal to $141,782 in United States currency, representing the amount of money fraudulently obtained as a result of the mail fraud scheme alleged in this Indictment, for which the defendants are jointly and severally liable.

61.    As a result of committing the mail fraud offenses,

as alleged in Count Two of this Indictment, in violation of Title 18, United States Code, Section 1341, CHARLES PRITCHETT and DOROTHY L. SMITH, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

      a.   A sum of money equal to $130,760 in United States currency, representing the amount of money fraudulently obtained as a result of the mail fraud scheme alleged in this Indictment, for which the defendants are jointly and severally liable.

    62.  As a result of committing the mail fraud offenses, as alleged in Count Three of this Indictment, in violation of Title 18, United States Code, Section 1341, CHARLES PRITCHETT and MICHAEL BISCOTTI, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

      a.   A sum of money equal to $29,751 in United

States currency, representing the amount of money fraudulently obtained as a result of the mail fraud scheme alleged in this Indictment, for which the defendants are jointly and severally liable.

63. As a result of committing the health care fraud offenses, as alleged in Count Four of this Indictment, in violation of Title 18, United States Code, Section 1347, CHARLES PRITCHETT and STANLEY CANNELLA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense, including but not limited to the following:

a. A sum of money equal to $142,268 in United States currency, representing the amount of money fraudulently obtained as a result of the health care fraud scheme alleged in this Indictment, for which the defendants are jointly and severally liable.

64. As a result of committing the health care fraud offenses, as alleged in Count Five of this Indictment, in violation of Title 18, United States Code, Section 1347, CHARLES PRITCHETT and DOROTHY L. SMITH, the defendants, shall forfeit to

the United States, pursuant to Title 18, United States Code,
Section 982(a)(7), all property, real and personal, that
constitutes or is derived from proceeds traceable to the
commission of the offense, including but not limited to the
following:

      a.   A sum of money equal to $131,397 in United
States currency, representing the amount of
money fraudulently obtained as a result of
the health care fraud scheme alleged in this
Indictment, for which the defendants are
jointly and severally liable.

65. As a result of committing the health care fraud
offenses, as alleged in Count Six of this Indictment, in
violation of Title 18, United States Code, Section 1347, CHARLES
PRITCHETT and DOROTHY L. SMITH, the defendants, shall forfeit to
the United States, pursuant to Title 18, United States Code,
Section 982(a)(7), all property, real and personal, that
constitutes or is derived from proceeds traceable to the
commission of the offense, including but not limited to the
following:

      a.   A sum of money equal to $31,041 in United
States currency, representing the amount of
money fraudulently obtained as a result of
the health care fraud scheme alleged in this

23

Indictment, for which the defendants are jointly and severally liable.

### Substitute Asset Provision

66.  If any of the forfeitable property described in Paragraphs 60 through 65, above, as a result of any act or omission of the defendants:

> a.  cannot be located upon the exercise of due diligence;
>
> b.  has been transferred or sold to, or deposited with, a third person;
>
> c.  has been placed beyond the jurisdiction of the Court;
>
> d.  has been substantially diminished in value; or
>
> e.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any

other property of said defendant up to the value of the above

forfeitable property.

(Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(7),
1341, and 1347, and Title 28, United States Code, Section 2461.)


_____
FOREPERSON


_____
MICHAEL J. GARCIA *MRA*
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**CHARLES PRITCHETT, STANLEY CANNELLA,
DOROTHY L. SMITH, and MICHAEL BISCOTTI ,**

**Defendants.**

**INDICTMENT**

07 CR _____

(Title 18, United States Code, Sections 1341, 1347 & 2.)

Michael J. Garcia
United States Attorney.

**A TRUE BILL**

Foreperson.