# EDWARD D. WILFORD
*Attorney At Law*
20 VESEY STREET, SUITE 400
NEW YORK, NEW YORK 10007

TEL. (212) 528-2741  FAX. (212) 964-2926

January 15, 2008
**BY FACSIMILE**
Hon. Denny Chin
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

    Re:  **United States v. Charles Pritchett, et al;**
           07 Cr. 472(DC)

Dear Judge Chin:

    Although the Sentencing Guidelines are no longer mandatory, the court is nevertheless required to consider the Guidelines range and render a guideline analysis before making its ultimate sentencing determination. See, *United States v. Booker*, 534 U.S. 220, 245-246 (2005).

    In the post-*Booker* era, a sentencing judge must treat the guidelines as just one of many factors. See, *United States v. Crosby*, 397 F.3d 103 (2d. Cir. 2005). The Supreme Court found itself addressing the scope of the sentencing courts authority to impose a sentence outside advisory guideline ranges. *Rita v. United States*, 127 S.Ct. 456, (2007). Recently the United States Supreme Court handed down two important decisions that reaffirmed the sentencing court's discretion and authority to impose a sentence outside the guidelines, when such a sentence was fair and just. See, *Kimbrough v. United States*, 128 S.Ct. 558 (Dec. 10, 2007) and *Gall v. United States*, 128 S.Ct. 586 (Dec. 10, 2007).

    In *Kimbrough v. United States*, *supra*, the Supreme Court held that under *Booker* the crack cocaine Guidelines, like all other Guidelines, are advisory only. A district judge therefore may consider the crack/powder disparity when sentencing crack cocaine offenders, and impose a below-Guidelines sentence if a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing set forth at 18 U.S.C. § 3553(a).

In *Kimbrough*, the Court rejected the government's arguments that Congressional policy prohibits sentencing courts from disagreeing with the 100:1 ratio. The Court did not find support for this argument in Congress' silence on this point. Significantly, the Court noted that Congress recently acquiesced in the 2007 Guidelines which reduced the crack/powder disparity. The Court also rejected the argument that disagreements with the 100:1 ratio would increase sentencing disparities. The Court noted some departures from uniformity were a necessary result of its *Booker* decision. The Court further noted that the Sentencing Commission itself had reported that the 100:1 ratio created disproportionately harsh sanctions, thus lending support to the view that a Guidelines-based sentence would be "greater than necessary." The Court concluded that Kimbrough's sentence, 4.5 years below the bottom of the Guidelines range, was reasonable.

In *Gall v. United States*, *supra*, the Supreme Court held that while the extent of the difference between a particular sentence and the recommended Guideline range is relevant, courts of appeal must review all sentences – whether inside, just outside, or significantly outside the Guidelines range – under a deferential abuse of discretion standard. The Eighth Circuit therefore erred when it reversed based only on its disagreement with Gall's sentence. The Court specifically rejected the Eighth Circuit's view that a variance requires "extraordinary" circumstances, and its application of a proportionality formula to determine whether a Guideline-variance is justified.

The Court noted that the district court committed no procedural error, because it adequately considered the § 3553(a) sentencing factors and adequately explained its sentence. Turning to a substantive "reasonableness" review, the Court found that the district court "quite reasonably attached great weight" to a number of factors in imposing a below-Guidelines sentence – Gall's withdrawal from the conspiracy, his youthful age at the time he committed the offense, and his post-offense rehabilitation. The Court noted that it is not for courts of appeal to decide de novo whether the justification for a variance is sufficient. The court sentenced Gall to probation, although the government requested the imposition of the Guidelines sentence of 30 to 35 months.

## OBJECTIONS TO PRE-SENTENCE REPORT

Charles Pritchett objects to the portion of the pre-sentence report which places him in criminal history category II. Mr. Pritchett asserts that while the PSR calculation comports with the guidelines, the result of that application of the guidelines over represents Mr. Pritchett's criminal history.

Mr. Pritchett was convicted of two separate DWI offenses in state court. One of these offense predated his arrest on the instant charges and the other offense occurred during the pendency of these proceedings. Mr. Pritchett was not sentenced to any

period of incarceration for these offenses, in fact he was sentenced to a conditional discharge and a fine.  The application of the guidelines nonetheless enhances the defendant's sentence range from 24 - 30 months to 27 - 33 months by increasing his criminal history category from category I to category II.

The defendant's state court offenses are directly attributable to his addiction to alcohol.  The court in ordering Mr. Pritchett to participate in treatment for his alcoholism, at the time of his violation of his conditions of pre-trial release (which resulted in one of the state convictions in question here) was a recognition by the court of the need for Mr. Pritchett to receive treatment for his substance abuse issues.  The PSR recognizes these issues as well and suggests that Mr. Pritchett be ordered to participate in post release treatment for his substance abuse issues.  The defendant suggests that the court strongly recommend to the Bureau of Prisons that Mr. Pritchett be afforded the opportunity to participate in the most concentrated and lengthy substance abuse program available during his incarceration.  Alcoholism is a disease which can be overcome with effective treatment, additional punishment because of an illness is neither appropriate nor reasonable, thus Mr. Pritchett should not be sentenced as a an individual with a criminal history category of II.

Mr. Pritchett suggests that the court downwardly depart horizontally from criminal history category II to criminal history category I maintain the offense level and impose a sentence in the range of 24 - 30 months.   In fact the defendant asserts that a sentence of 24 months is sufficient to achieve the goals of sentencing as defined in Title 18 U.S.C. §3553(a).

Title 18 U.S.C. § 3553(a) directs a sentencing court to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; ( C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;  (3) the kinds of sentences available; (4)the guideline range and sentence; (5) any pertinent policy statement;   (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Mr. Pritchett would be able to participate in the Bureau of Prisons substance abuse program if sentenced to twenty four months.  This would be a sentence long enough but not greater than necessary to afford Mr. Pritchett medical care and correctional treatment in the most effective manner.

Mr. Pritchett if treated for his substance abuse is highly unlikely to engage in recidivist activities thus the need to protect the public from further crimes of the defendant, via a longer sentence is greatly reduced.

Mr. Pritchett's personal background as detailed in the PSR clearly demonstrates that Mr. Pritchett has overcome some difficult circumstances and with treatment and guidance can be a productive member of society.

Mr. Pritchett's return to the workforce will enhance his ability to provide restitution to the victim of the offense in a more efficacious and rapid manner.

For all of the foregoing reasons the court should sentence the defendant pursuant to the agreed upon range in the plea agreement of 24- 30 months, at the lowest end of the guideline range, i.e. 24 months.

## CONCLUSION

In view of the goal of the Sentencing Reform Act of 1984 to afford adequate deterrence to criminal conduct and to protect the public from further crimes, the defendant requests that the court sentence Charles Pritchett to a guidelines sentence, since the likelihood that the defendant will commit future crimes and the need to protect the public is virtually non-existent and quite remote, should the court sentence Charles Pritchett to twenty-four (24) months.

Therefore the defendant asserts that Charles Pritchett be sentenced to twenty-four (24) months on each count to be served concurrently for the crimes he stands convicted of as that would constitute a reasonable and appropriate sentence that would satisfy the statutory sentencing goals of 18 U.S.C.§ 3553(1)(a) and the intent o the parties in resolving this case by a plea agreement.

                                                    Respectfully submitted,

                                                    Edward D. Wilford

EDW/nes



**FACSIMILE COVER SHEET**
**EDWARD D, WILFORD**
Attorney at Law
20 Vesey Street
Suite 400
New York, New York 10007
(212) 528-2741
(212) 964-2926 (fax)

Number of pages (including this sheet): 5

TO: Hon. Denny Chin (212) 805-7906

COMMENTS:
THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF THE READER OF THIS MESSAGE IS NOT INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.   IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.