

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 15, 2008

**BY HAND DELIVERY**

Honorable Denny Chin
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1320
New York, New York 10007-1312

        Re:    United States v. Stanley Cannella, 07 Cr. 472 (DC)

Dear Judge Chin:

        The Government respectfully submits this letter in connection with the sentencing of defendant Stanley Cannella. For the reasons below, the Government submits that the defendant should be sentenced within the Guidelines range of 15 to 21 months' imprisonment calculated by the Probation Office in the Presentence Investigation Report ("PSR"), and which the defendant in his plea agreement stipulated was reasonable.

        As charged in the Indictment, the defendant's criminal conduct was extensive and highly profitable. This was not an aberrant or isolated act. Over more than three years, between April 2003 and September 2006, the defendant on nine separate occasions defrauded Group Health Incorporated ("GHI") into paying him $142,268 to which he was not entitled. There is also something deeply troubling about the fact that the defendant employed the identities of his own family members, including minor children, to perpetrate this crime.

        Moreover, the PSR reflects that there was no precipitating financial crisis, such as a catastrophic medical condition. While the defendant himself declined to disclose to the Probation Office precisely what he did with the proceeds of the fraud (PSR ¶ 55), it appears likely that he used GHI's money to purchase a home. (PSR ¶ 104). Notwithstanding the defendant's clearly valid claims of substance abuse, the defendant appears to have been motivated entirely by greed.

Furthermore, the defendant's accumulation of debts totaling more than $328,000 (PSR ¶105) make it likely that GHI, at the very least, will not recover its losses for some time.

Finally, the defendant's request that this Court order any (hypothetical) forfeited assets to be applied toward restitution should be rejected. Restitution pursuant to the Mandatory Victims Restitution Act ("MVRA") and forfeiture pursuant to 18 U.S.C. § 1963 are both mandatory in this case, and each serves a different goal. Restitution focuses on the victim, and forfeiture on the defendant: Congress' intent in Section 1963 is punitive. See Libretti v. United States, 516 U.S. 29, 39 (1995) (noting that forfeiture is imposed "in addition to any other sentence"). On that basis alone, the defendant's request should be rejected.

In any event, the requested order would be defective because forfeited assets become Government property, and their disposition lies within the discretion of the Attorney General. For circumstances in which a defendant cannot pay both forfeiture and restitution, as may apply here, the Department of Justice has a "restoration policy" aimed at ensuring any forfeited monies are transferred to the victim in satisfaction of the restitution order. While there does not appear to be any precedent in this Circuit directly on point, the weight of authority is overwhelmingly contrary to the defendant's request. See, e.g., United States v. Browne, ___ F.3d ___, 2007 WL 3101961 (11th Cir. Oct. 25, 2007) (defendant gets no credit against the forfeiture for the amount paid to the victim as restitution; under relation back doctrine, Government has a vested interest in the proceeds that is not affected by defendant's payment of restitution); United States v. Emerson, 128 F.3d 557 (7th Cir. 1997) (forfeiture and restitution are not mutually exclusive; defendant may be made to pay twice and is not entitled to reduce restitution by the amount of the forfeiture).

Indeed, the defendant's reliance on United States v. Johnston, 199 F.3d 1015, 1023 (9th Cir. 1999), which holds that restitution must take in account forfeited funds received by the victim, is misplaced. See Defense Sentencing Submission dated January 11, 2008, at 2. Johnston construed an earlier version of the restitution statute, which provided that a court could not "impose restitution with respect to a loss for which the victim has received or is to receive compensation." 18 U.S.C. § 3663(e)(1) (1995). By contrast, the MVRA governing here provides: "In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B). Restitution therefore cannot be offset by any forfeited funds.

In addition, contrary to the defendant's claim, Judge Weinstein, in his

2

recent decision, did <u>not</u> order the transfer of forfeited funds to the victim as restitution. See Defense Sentencing Submission dated January 11, 2008, at 2 (citing <u>United States v. Brennan</u>, No. 05-Cr.-747, 2007 WL 4443989, at *8 (E.D.N.Y. Dec. 19, 2007). Rather, Judge Weinstein merely discussed various cases and approaches relating to restitution, and then directed the Government to respond to a series of questions that he posed at the end of the opinion. See <u>Brennan</u>, 2007 WL 4443989, at *8-14. Among the cases discussed, and to which the defendant's citation may relate, was <u>United States v. Ruff</u>, 430 F.3d 772, 774 (8th Cir. 2007), which allowed a defendant to offset restitution owed to an agency with property that it had already seized pursuant to administrative forfeiture. Here, however, the Government does not seek restitution for itself, but for an actual victim.

In sum, the defendant should receive a sentence within the Guidelines range which he himself has stipulated is reasonable and appropriate, and this Court should enter both restitution and criminal forfeiture orders at sentencing.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: _William J. Stellmach_
William J. Stellmach
Assistant United States Attorney
Telephone: (212) 637-2101

cc:   Andrew M. Berdon, Esq. (by facsimile)